**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOHN RODNEY JOHNSON,

                Petitioner,

v.                                  CIVIL ACTION NO.   2:19-cv-00487

DONNIE AMES,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner John Rodney Johnson's ("Petitioner") Motion for Re-Opening Habeas [§ 2254] Appeals Under Rule 60(b)(6) and Briefing Scheduling Order.   (ECF No. 43.)   For the reasons explained in greater detail below, the Court **DENIES** Petitioner's Motion.

## I.   BACKGROUND

On June 28, 2019, Petitioner filed in this Court a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody.   (ECF No. 2.)   The complete factual and procedural history of Petitioner's claims in his federal habeas petition are set forth in detail in the Proposed Findings and Recommendation ("PF&R") filed by United States Magistrate Judge Cheryl A. Eifert on April 2, 2020, and need not be repeated here.   (ECF No. 19 at 2–14.)   Nevertheless, the Court will briefly summarize the factual history of Petitioner's claims relevant to resolution of the instant motion.

*A. Petitioner's Conviction and Direct Appeal*

On March 12, 2004, Petitioner was found guilty of one count of murder in the first degree by a jury in the Circuit Court of Cabell County, West Virginia.   (ECF No. 9-5 at 54.)   On March 17, 2004, in accordance with the jury's verdict, Petitioner was sentenced to life in prison without mercy.  (ECF No. 9-11 at 2–3.)   The circuit court granted Petitioner two extensions of time to perfect a direct appeal to the West Virginia Supreme Court of Appeals ("WVSCA"), once on November 5, 2004, (ECF No. 9-12), and once on January 18, 2005, (ECF No. 9-13).   Because Petitioner was unable to perfect his appeal within the time periods granted by the extensions, the circuit court re-sentenced Petitioner to life in prison without mercy on June 23, 2005 to permit him to perfect his direct appeal.   (ECF No. 9-14 at 2.)   On October 3, 2005, Petitioner, by counsel, D. Scott Tyree, submitted an appeal challenging his criminal conviction.[1]   (ECF No. 9-15.)   The WVSCA refused Petitioner's appeal on March 2, 2006.   (ECF No. 9-16 at 2.)

---

[1] Petitioner's direct appeal raised six assignments of error:

    1. The trial court erred by permitting the State to introduce highly prejudicial and improper 404(b) character evidence.

    2. The prosecuting attorney stepped outside the boundaries of his quasi-judicial role by making improper, prejudicial and highly inflammatory statements in the presence of the jury.

    3. [Petitioner] was denied his Fourteenth Amendment right of due process where the State failed to timely disclose potential[ly] exculpatory evidence.

    4. The [circuit court] erred by failing to set aside the verdict due to juror misconduct.

    5. The [circuit court] erred by allowing an in-court identification of [Petitioner] from an improperly suggestive photographic array: the [circuit court] erred by permitting an in court identification of [Petitioner] while the witness lacked an independent basis for making the identification.

    6. The [circuit court] erred in allowing improper testimony from a fact witness in violation of Rule 602 and 702 of the West Virginia Rules of Evidence.

(ECF No. 9-15 at 15–16.)

*B.  Petitioner's First State-Court Habeas Petition and Appeal*

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Cabell County, West Virginia on August 13, 2007.[2]  (ECF No. 9-18.)  Petitioner filed a Renewed Petition for Writ of Habeas Corpus on August 7, 2008.  (ECF No. 9-19.)  On January 5, 2009, Ronald G. Salmons was appointed to represent Petitioner and an Amended Petition, (ECF No. 9-20), and Memorandum in Support of Amended Petition, (ECF No. 9-22), were also filed that day.[3]

The circuit court denied Petitioner's first state-court habeas petition on July 8, 2010.  (ECF No. 9-27 at 4.)  Petitioner appealed this decision to the WVSCA on August 6, 2010.  (ECF No. 9-28 at 2–3.)  Petitioner, however, did not perfect his appeal of the circuit court's denial of his first habeas petition until June 17, 2011.  Petitioner was permitted to perfect his appeal on this date, notwithstanding the four-month period in which appellants must perfect their appeals under West Virginia Rule of Appellate Procedure 5(f), because the circuit court, by order dated May 20, 2011, resentenced Petitioner in order to allow him to timely perfect his appeal.  (ECF No. 9-29 at 2.)  On this appeal, Petitioner contended that the circuit court erred in denying his first habeas

---

[2] Importantly, by the time Petitioner filed his first state-court habeas petition, the one-year statute of limitations for Petitioner to file a federal habeas petition under the Anti-Terrorism and Effective Death Penalty Act of 1996 had passed on March 2, 2007.  *See* 28 U.S.C. § 2244(d)(1).

[3] Petitioner asserted three grounds for relief in his Amended Petition:

> 1. Petitioner's State and Federal due process rights were violated when the State failed to timely disclose potential exculpatory evidence.
>
> 2. The cumulative effect of numerous errors committed during trial prevented the Petitioner from receiving a fair trail by an impartial, objective jury as guaranteed by the Sixth and Fourteenth Amendments of the Constitution of the United States and Constitution of West Virginia.
>
> 3. Petitioner did not receive effective assistance of counsel as required by both the Constitution of the United States and the Constitution of West Virginia.

(ECF No. 22 at 4.)

3

petition and failed to state specific findings of fact and conclusions of law as required by West Virginia law.   (ECF No. 9-30 at 2–3.)

The WVSCA remanded Petitioner's first habeas petition to the circuit court, instructing it to enter a final order containing adequate findings of fact and conclusions of law in accordance with West Virginia law governing habeas corpus proceedings.[4]   (ECF No. 17-4 at 35–36.) Petitioner appealed the circuit court's entry of its Third Amended Order denying Petitioner's first habeas petition, and the WVSCA denied Petitioner's appeal on March 7, 2014.   (ECF No. 9-39 at 2.)

*C.  Petitioner's Second State-Court Habeas Petition and Appeal*

More than three years later,[5] on May 18, 2017, Petitioner submitted a second state-court habeas petition in the Circuit Court of Cabell County, West Virginia.[6]   (ECF No. 9-41 at 6.)   The

---

[4] Following the WVSCA's remand order, the circuit court entered three final orders denying Petitioner's first habeas petition: (1) an Amended Final Order, (ECF No. 9-32 at 2); (2) a Second Amended Order, (ECF No. 9-33 at 3–6); and (3) a Third Amended Order, (ECF No. 9-34 at 2).

[5] This gap alone rendered Petitioner's Section 2254 untimely and the issues raised in the instant motion, even if meritorious, would offer no relief.

[6] Petitioner alleged the following claims in his second state-court habeas petition:

    1. Improper 404(b) Evidence
    Supporting Facts: Where the [circuit court] assisted the prosecution in determining the use of the evidence failed [in] his role as a neutral arbiter, by relieving the State's burden to present 404(b) evid[ence] and ruled arbitrar[ily] [and] unjust[ly] without [finding a] preponderance of evidence to dictate the probative value.

    2. Burden Shifting Jury Instruction
    Supporting Facts: The [circuit court] and State's prosecuting attorney shifted the burden to [Petitioner] by inferring that [Petitioner] must present an alibi that would [contest] the State's theory of the crime at trial.

    3. Prosecutorial Misconduct
    Supporting Facts: The State's attorney violated [Petitioner's] rights to a fair trial by interjecting race and improper comments to prejudice the jury against [Petitioner] for the sole purpose [of] inflame[ing] the jury for conviction.

4

circuit court denied Petitioner's second habeas petition, concluding that all but one of his claims were subject to dismissal under the doctrine of *res judicata*.[7]  (ECF No. 9-42 at 2–5.)   Petitioner appealed this decision on September 22, 2017, (ECF No. 9-43 at 2), and the WVSCA affirmed the circuit court's denial of Petitioner's second habeas petition on February 22, 2019, (ECF No. 9-47 at 2).

   *D.  Petitioner's Federal Habeas Petition*

   On June 21, 2019, Petitioner filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which initiated the instant action.   (ECF No. 2.)   Petitioner raised five grounds for relief: (1) Prosecutorial Misconduct; (2) Improper 404(b) Evidence; (3) Burden Shifting Jury Instruction; (4) Juror Misconduct; and (5) Unconstitutionally Presented in Restraints and Prison Attire During Critical Stages of Trial.   (ECF No. 2 at 7–11.)

   Respondent Donnie Ames ("Respondent") moved for summary judgment on September 16, 2019, arguing, among other things, that Petitioner filed his federal habeas petition after the expiration of the statutory deadline for petitions filed under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").   (ECF No. 10 at 13.)   Magistrate Judge Eifert submitted her PF&R on April 2, 2020, recommending that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's federal habeas petition insofar as Petitioner untimely filed his federal habeas petition beyond the statutory deadline proscribed by the AEDPA.   (ECF No. 19 at 22–26.)   Petitioner timely objected to the PF&R on May 8, 2020, arguing that a "state-caused impediment" should have tolled the AEDPA's statute of limitations, that the circuit court's May

---

[7] The circuit court concluded that Petitioner's claim of ineffective assistance of appellate counsel was not barred by *res judicata*, but that it should be dismissed insofar as Petitioner's allegations did not rise to the level of a constitutional violation.   (ECF No. 9-42 at 5–6.)

20, 2011 resentencing order restarted the AEDPA statute of limitations for purposes of his federal habeas petition, that Respondent waived the issue of timeliness by not raising it in his Answer, and that he was entitled to equitable tolling of the AEDPA statute of limitations because he pursued his appellate rights with reasonable diligence and the delays in his appeal were the result of being actively misled by the State.   (ECF No. 22 at 3–13.)

This Court entered a Memorandum Opinion and Order on September 29, 2020 overruling Petitioner's objections, adopting Magistrate Judge Eifert's PF&R, granting Respondent's motion for summary judgment, denying Petitioner's Petition for a Writ of Habeas Corpus, and dismissing the instant action from the Court's active docket.   (ECF No. 26.)   This Court found that Petitioner was not entitled to a tolling of the AEDPA statute of limitations due to a "state-caused impediment," that the May 20, 2011 resentencing order did not operate to restart the AEDPA statute of limitations, that the Respondent did not waive timeliness as an affirmative defense, and that Petitioner was not entitled to equitable tolling of the AEDPA statute of limitations.   (*Id.*)

Petitioner appealed this Court's decision to the United States Court of Appeals for the Fourth Circuit on October 27, 2020.   (ECF No. 31.)   By Opinion dated February 26, 2021, the Fourth Circuit dismissed Petitioner's appeal due to Petitioner's failure to obtain a certificate of appealability or to otherwise show that this Court's ruling was debatable and that his Petition stated a debatable claim of the denial of a constitutional right.   (ECF No. 34.)   Petitioner filed a Petition for Writ of Certiorari with the United States Supreme Court on October 18, 2021.   (ECF No. 41.)   The Supreme Court entered an order denying the Writ of Certiorari on January 10, 2022.   (ECF No. 42.)

6

On February 22, 2022, Petitioner filed the instant Motion for Re-Opening Habeas [§ 2254] Appeals Under Rule 60(b)(6) and Briefing Scheduling Order.  (ECF No. 43.)   In his Motion, Petitioner moves this Court to "re-open a judgment for 'any other reason that justifies relief,'" pursuant to Federal Rule of Civil Procedure Rule 60(b)(6).   (*Id.* at 1.)

## II.    DISCUSSION

"Rule 60 of the Federal Rules of Civil Procedure provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."   *Ziegler v. Clay Cty. Sheriff*, Civil Action No.: 2:19-cv-00410, 2020 WL 1917768, at *2 (S.D. W. Va. Apr. 20, 2020) (quoting *United States Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010)) (internal quotation marks omitted).   Under Rule 60(b), a court may relieve a party from a final judgment for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."   Fed. R. Civ. P. 60(b).

In order to qualify for relief under Rule 60(b)(6) for "any other reason that justifies relief," extraordinary circumstances must be demonstrated.   *Ziegler*, 2020 WL 1917768, at *2.   As the United States Supreme Court has previously explained, "such [extraordinary] circumstances will rarely occur in the habeas context."   *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005).   "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue."   *United States v.*

*Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id.* at 312–13.

Petitioner urges the Court to relieve him of its September 29, 2020 Memorandum Opinion and Order pursuant to Rule 60(b)(6) for three reasons. First, Petitioner argues that this Court erred in finding that Petitioner's May 20, 2011 resentencing did not restart the AEDPA statute of limitations. (ECF No. 43 at 8–13.) Rather than identifying any extraordinary circumstances warranting relief from the September 29, 2020 Memorandum Opinion and Order, however, Petitioner's first argument merely requests that the Court change its mind with respect to its prior ruling regarding the effect of the circuit court's May 20, 2011 resentencing order on the AEDPA statute of limitations. As previously noted, Rule 60(b)(6) does not authorize relief from a final judgment simply because Petitioner believes the Court should change its mind with respect to a legal issue previously addressed by the Court. *Williams*, 674 F.2d at 312–13. Rather, Petitioner must demonstrate "extraordinary circumstances" warranting relief from the final judgment, which he has failed to do in his first argument.

Second, Petitioner contends that the state circuit court clerk did not notify him of the May 20, 2011 resentencing order, and therefore "extraordinary circumstances" exist that prevented him from timely filing his federal habeas petition. (*Id.* at 13–19.) Thus, Petitioner asks the Court to equitably toll the AEDPA statute of limitations so as to find that his federal habeas petition was timely filed. (*Id.* at 18.) However, like Petitioner's first argument, this argument urges the Court to revisit its prior ruling that Petitioner was not entitled to equitable tolling of the AEDPA statute of limitations, which was addressed in the Court's September 29, 2020 Memorandum Opinion and Order. (ECF No. 26 at 15–19.) As previously noted, where a motion under Rule 60(b)(6) merely

asks a district court to reconsider a legal issue previously addressed, and to change its mind with respect to that legal issue, the movant is not entitled to relief. *Williams*, 674 F.2d at 312–13. Therefore, Petitioner's arguments that this Court erroneously found that he was not entitled to equitable tolling do not demonstrate "extraordinary circumstances" warranting relief under Rule 60(b)(6).

Finally, Petitioner asserts that "the interjection of race into [his] trial [was] a miscarriage of justice that qualifies as an 'extraordinary circumstance' which factors in an appropriate case 'the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process.'" (ECF No. 43 at 19.)  Petitioner claims that "[t]he defect in the integrity of [this Court's] failure to reach the merits or to review the circumstances of the timeliness of [his] § 2254 petition liberally creates a constitutional risk to the justice system as a whole." (*Id.*) However, Petitioner ignores the fact that this Court could not reach the merits of his claim regarding the interjection of race into his criminal trial because his federal habeas petition was untimely filed.  Once again, this argument is another attempt by Petitioner to convince this Court to change its mind on the issue of timeliness, so that it may consider the merits of Petitioner's habeas claims.  Petitioner has not shown any "extraordinary circumstances" warranting relief from this Court's September 29, 2020 Memorandum Opinion and Order, but has simply challenged the Court's dismissal of his federal habeas petition as untimely.

Rule 60(b)(6) does not authorize relief simply because Petitioner believes the Court should change its mind with respect to its prior rulings, particularly in light of the Fourth Circuit's affirmance of this Court's September 29, 2020 Memorandum Opinion and Order.  Petitioner must demonstrate extraordinary circumstances warranting relief.  Because Petitioner simply asks this

9

Court to change its mind with regard to the substantive rulings in its September 29, 2020 Memorandum Opinion and Order, without pointing to any other defect in his state and federal habeas proceedings, Petitioner has failed to demonstrate "extraordinary circumstances" warranting relief under Rule 60(b).   Accordingly, Petitioner's Motion for Re-Opening Habeas [§ 2254] Appeals Under Rule 60(b)(6) and Briefing Scheduling Order is **DENIED**.

Petitioner also requests that this Court issue a briefing schedule, that he be appointed counsel, that Respondent be directed to answer the allegations in this motion within 60 days, and that he be given 45 days to reply.   (ECF No. 43 at 20.)   However, in light of the Court's finding that Petitioner is not entitled to the requested relief, the Court **DENIES** Petitioner's request for a briefing schedule.   Moreover, Petitioner has no constitutional right to the appointment of counsel in this habeas proceeding, and the interests of justice do not otherwise warrant the appointment of counsel for the Petitioner in this matter.   *See* 18 U.S.C. §3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section . . . 2254 . . . of title 28."). Therefore, the Court **DENIES** Petitioner's request to be appointed counsel in this proceeding.

### III.   CONCLUSION

For the reasons explained in greater detail above, Petitioner has failed to demonstrate "extraordinary circumstances" warranting relief from this Court's September 29, 2020 Memorandum Opinion and Order denying his Petition for Writ of Habeas Corpus.   Accordingly, Petitioner's Motion for Re-Opening Habeas [§ 2254] Appeals Under Rule 60(b)(6) and Briefing Scheduling Order is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        May 31, 2022

_____

THOMAS E. JOHNSTON, CHIEF JUDGE